[Crim. No. 3381. Second Appellate District, Division One.—September 18, 1940.]

THE PEOPLE, Respondent, v. MICHAEL KALPAKOFF, Appellant.

C. M. Mooslin for Appellant.

Earl Warren, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

WHITE, J.—Defendant was charged by information with a violation of section 286 of the Penal Code and with a prior conviction of a felony, to which accusations he entered a plea of not guilty and admitted the prior conviction. After trial before the court, a jury having been waived, defendant was adjudged guilty of an attempt to commit the crime charged. From such judgment and an order denying his motion for a new trial he prosecutes this appeal, asserting as his sole ground for reversal that "the verdict is contrary to the evidence".

Briefly epitomizing the facts as disclosed by the record, it appears that between 10 and 10:30 on the night of April 8, 1940, two police officers drove their police radio car into the alley between Grand and Beach Streets at Watts in Los Angeles County. They saw one Ernest Rininger lying on the ground face downward, with his pants and underwear off. Appellant was on top of Rininger. The officers lifted appellant off Rininger and discovered that appellant's pants were open and his privates were exposed and erect. The victim had been badly beaten up; his face was swollen and cut and he was apparently unconscious. It was apparent to the officers that both appellant and Rininger had been drinking. In a statement to the officers appellant said that he had been out of the penitentiary only three weeks; did not want to go back; that he had never done anything like that before and if the officers would give him a chance he would never do it

again. Rininger testified that he and appellant had been doing some drinking—consuming gin and beer—and finally left a saloon together and walked side by side down the alley. The witness said he did not see anyone other than appellant around; that he was struck, and did not remember anything until the next morning. Appellant took the stand in his own behalf and testified that he and Rininger, who had been friends for some years, visited several drink emporiums together that evening; that Rininger said he wanted to go out to the toilet and that he proceeded outside without the company of appellant. That after about 15 minutes appellant went out to look for his friend, and going down the alley discovered Rininger lying prostrate on the ground. Appellant denied attempting to commit or committing any unnatural or perverted act upon or with Rininger, stating that he saw an automobile coming, and that he ''got over him to cover him up, because his body was nude and I was going to get him out of there and get him cleaned up and get·some clothes on him''. Appellant denied that he was lying on top of Rininger and claimed he was simply leaning over him.

We are satisfied that the conviction is sustained by the facts testified to by the police officer. ■ Appellant's contention that no intent was proved is answered by the statement that the intent or purpose with which an act is done is manifested by the circumstances connected with the offense. (Pen. Code, sec. 21.) The testimony of the police officer, if believed by the court, as evidently it was, warranted the conclusion that the conduct and actions of appellant manifested an intention to commit the offense denounced by section 286 of the Penal Code. ■ Determination of the weight of the evidence and the credibility of witnesses, including the defendant, is for the trial court. Where, as here, the evidence which discredits the defendant's testimony has been accepted by the trier of facts as true, and the evidence in question sufficiently supports a conviction, this court is bound by the findings to that effect. (*People* v. *Tedesco*, 1 Cal. (2d) 211, 219 [34 Pac. (2d) 467].)

■ Appellant's complaint that he was prejudiced by testimony relating to his imprisonment in San Quentin penitentiary is not supported by the record, which shows that testimony in regard to his penal servitude was first brought out in cross-examination of the police officer by appellant's

counsel and again by appellant himself during his own testimony on direct examination by his own counsel.

The judgment and the order are, and each is, affirmed.

York, P. J., and Doran, J., concurred.